**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,

v.

JOSE CRUZ,

        Defendant/Petitioner.

_____/

Civil Case No. 09-11044

Criminal Case No. 04-90040

HON. MARIANNE O. BATTANI

**OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

**I.    INTRODUCTION**

Before the Court is Petitioner Jose Cruz's Objection to the Magistrate Judge's Report and Recommendation ("R&R") that this Court Deny Petitioner's § 2255 Motion to Vacate, Set Aside, or Correct His Sentence. (Doc. 168; see doc. 167). For the reasons that follow, the Court adopts the Magistrate Judge's R&R and denies Cruz's § 2255 motion.

**II.    STATEMENT OF FACTS**

Cruz was indicted on three counts: (1) conspiracy to distribute and distribution of marijuana, 21 U.S.C. § 846; (2) aiding and abetting the use of an explosive device during or in relation to a drug trafficking crime, 18 U.S.C. §§ 924(c)(1)(B)(ii) and 2; and (3) aiding and abetting the use of firearms during or in relation to a drug trafficking crime, 18 U.S.C. §§ 924(c) and 2. At trial, the government presented evidence

indicating that Cruz conspired with others to rob various "drug houses" using weapons and, in one instance, a Molotov cocktail. Following trial, a jury found Cruz guilty of all three charges against him. The Court sentenced Cruz to one day imprisonment on Count 1, 360 months' imprisonment on Count 2, and 60 months' imprisonment on Count 3, all to run consecutively. Cruz appealed his convictions to the Sixth Circuit and raised issues involving the Court's failure to instruct on a lesser-included offense and vouching for a witness. The Sixth Circuit affirmed Cruz's convictions.

Cruz subsequently filed the present Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. In this motion, Cruz claimed the following:

1. The jury erred by convicting him of conspiring to distribute and distribution of marijuana despite the fact that there was insufficient evidence;

2. The evidence presented in support of the aforementioned charge "amounted to a variance of what was charged in the indictment";

3. He was improperly denied effective assistance of counsel when the district court denied both his motion to substitute counsel and his counsel's motion to withdraw;

4. He was denied due process of law at sentencing when he was sentenced twice for violating 18 U.S.C. § 924(c)(1); and

5. He was denied effective assistance of counsel by his trial counsel's failure to object at sentencing to the aforementioned denial of Cruz's right to due process.

(Docs. 148, 157). The Magistrate Judge recommended that this Court deny the Motion to Vacate. In particular, the Magistrate Judge determined that Issues 1 - 4 were procedurally barred and Cruz had not shown both prejudice and good cause for failing to raise the claims on direct appeal. (Doc. 167). Furthermore, the Magistrate Judge found that Cruz's claim of ineffective assistance of trial counsel failed because it would

2

have been futile for trial counsel to raise Cruz's objection to being sentenced twice under the same statute. Now before the Court are Cruz's objections that the Magistrate Judge's R&R is mistaken because (1) he has established cause and prejudice due to the fact that there was no testimony that he sold drugs; and (2) he was improperly sentenced twice under 18 U.S.C. § 924(c)(1).

## III.     STANDARD OF REVIEW

As an initial matter, the Court notes that *pro se* pleadings — such as Cruz's — are to be liberally construed. See Williams v. Browman, 981 F.2d 901, 903 (6th Cir. 1992).

A district court must conduct a *de novo* review of the parts of a Magistrate Judge's R&R to which a party objects. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." Id. The requirement of *de novo* review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir.1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[ ] that the district judge would be the final arbiter" of a matter referred to a Magistrate Judge. Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir.1987).

## IV. ANALYSIS

As the Magistrate Judge noted, motions seeking to collaterally challenge a conviction or sentence under 28 U.S.C. § 2255 may generally only raise issues that were presented in the petitioner's direct appeal. See United States v. Timmreck, 441 U.S. 780, 783 (1979). In order to raise an issue not presented in the petitioner's direct appeal, the petitioner must show both cause excusing the procedural default and actual prejudice from the complained-of errors. See United States v. Frady, 456 U.S. 152, 167-68 (1982). Cruz argues that because no cooperating witnesses testified that he sold drugs he has established that he was sufficiently prejudiced by the alleged errors at trial. This argument fails, however, because there was trial testimony that he sold drugs. In particular, Emmanuel Raynor testified as follows:

> Q: Did you ever do any activity or distribute anything with Mr. Cruz?
>
> A: Yes, he was presently doing distributing when I was distributing [eight or ten pounds of marijuana at a time] to James Cherry.

(Doc. 133 at 82; see id. at 80-81). Furthermore, as the Magistrate Judge's R&R noted, there was a significant amount of other evidence implicating Cruz's involvement in a drug distribution conspiracy. Accordingly, Cruz's objection that he has established prejudice because there was no testimony that he sold drugs fails.

Cruz also objects that he should not have received two separate sentences for violations of 18 U.S.C. § 924(c) — which involved his use of a firearm and an explosive device in relation to drug trafficking crimes — when he was only convicted of a single count of conspiracy.

As the Magistrate Judge's R&R noted when addressing this argument, Cruz was properly given two separate sentences for his violations of 18 U.S.C. § 924(c) under both Count 2 and Count 3.  In addition to being convicted for conspiracy to distribute and distribution of marijuana under Count 1, Cruz also was convicted of aiding and abetting the use of both an explosive device (Count 2) and a firearm (Count 3) during or in relation to drug trafficking offenses.  Cruz's aiding and abetting the use of an explosive device was found to violate 18 U.S.C. § 924(c)(1)(B)(ii), and his aiding and abetting the use of a firearm was found to violate 18 U.S.C. § 924(c).  See also 18 U.S.C. § 2.

Under 18 U.S.C. § 924(c)(1)(A), any person who uses or carries a firearm during and in relation to a drug trafficking crime shall, in addition to the punishment provided for the drug trafficking crime, be sentenced to a term of imprisonment of not less than 5 years.  If the firearm possessed by the person is a destructive device, however, the person shall be sentenced to not less than 30 years' imprisonment.  18 U.S.C. § 924(c)(1)(B)(ii).  As Cruz was convicted of aiding and abetting both the use of a firearm and the use of a explosive device, he was given consecutive sentences of 5 years and 30 years, respectively, for these offenses.

In United States v. Fekete, 535 F.3d 471, 483 (6th Cir. 2008), the Sixth Circuit Court of Appeals held,

> Sections 924(c)(1)(A), (C) & (D) clearly provide that two firearm convictions in connection with separate underlying felony offenses *must be counted as independent convictions, carrying consecutive sentences* . . . . And in Deal v. United States, 508 U.S. 129, 113 S.Ct. 1993, 124 L.Ed.2d 44 (1993), the Supreme Court held that where a defendant is charged and convicted of multiple § 924(c) offenses in the

5

> same case, each additional conviction is "a second or subsequent conviction" within the plain meaning of the statute.

(emphasis added). Accordingly, Cruz was properly convicted of two violations of § 924(c) in connection with separate underlying felony offenses. See id. Furthermore, because no term of imprisonment imposed under § 924(c) may run concurrently with any other term of imprisonment, the Court properly imposed consecutive sentences. See id.; 18 U.S.C. § 924(c)(1)(D)(ii). As there was no error, Cruz's objection has failed to show any prejudice.

Cruz's final objection to the Magistrate Judge's R&R is that his trial attorney's failure to object to him receiving two sentences for violations of § 924(c) constituted ineffective assistance of counsel. In order to successfully make a claim of ineffective assistance of counsel, Cruz must show that his counsel's performance was deficient and that the deficient performance was prejudicial to the defense. See Strickland v. Washington, 466 U.S. 668, 687 (1984). As Cruz's claim that he could not have been sentenced twice under § 924(c) has no merit, however, his counsel's failure to raise the objection neither consisted of deficient performance nor prejudiced Cruz. Accordingly, Cruz's ineffective assistance of counsel objection fails.

## V.   CONCLUSION

As Petitioner's objections to the Magistrate Judge's R&R do not have any merit, the Court **ADOPTS** the Magistrate Judge's R&R and **DENIES** Petitioner's § 2255 Motion to Vacate, Set Aside, or Correct His Sentence.

**IT IS SO ORDERED.**

                                                s/Marianne O. Battani
                                                MARIANNE O. BATTANI
                                                UNITED STATES DISTRICT JUDGE

DATED: **April 6, 2010**

## CERTIFICATE OF SERVICE

Copies of this Order were served upon Plaintiff and counsel of record on this date by ordinary mail and electronic filing.

                                                s/Bernadette M. Thebolt
                                                Case Manager